IN THE UNITED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID BRIAN CROW,
PLAINTIFF,

VS.                                              CAUSE NO.: 1:19-cv-214-JMV

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,
DEFENDANT.

**ORDER**

Before the Court are Plaintiff's motion for approval of $5,548.55 in attorney fees pursuant to 42 U.S.C. § 406(b) [23], Defendant's response [24], and Plaintiff's reply [25]. For the reasons set out below, Plaintiff's request for approval of payment to his counsel in the amount of $5,548.55 from past-due benefits will be granted.

On November 26, 2019, David Crow filed a complaint for judicial review [1] in this Court to challenge the Commissioner's decision denying his application for disability benefits. By Order [17] and Final Judgment [18] dated April 13, 2020, this Court granted the Commissioner's motion to reverse the case and remand it to the Social Security Administration ("the agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff's counsel reports that following the Court's reversal and remand, the Commissioner issued a favorable decision, and on June 7, 2021, the agency issued a Notice of Award of past-due benefits.[1] Pursuant to the notice, the agency withheld a total of $16,783.87 or

---

[1] While § 406(b) does not contain a specific period of time for the filing of a request for attorney fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no later than 14 days after the entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). The Court notes that the instant motion was filed only seven days after the June 7, 2021, Notice of Award stating the amount of benefits owed and the amount of past-due benefits withheld to

25% of Plaintiff's past-due benefits to pay Plaintiff's representative. Counsel for Plaintiff notes a $6,000.00 fee has been approved for work performed at the administrative level, and $5,235.32 is what counsel received for fees under the Equal Access to Justice Act (EAJA), *see* Order [22] dated June 16, 2020. As such, counsel is now seeking $5,548.55, which is the difference between the total amount withheld, $16,783.87, and the sum of the EAJA and agency fees. Plaintiff points out that the calculation contemplates a credit to Plaintiff of the smaller EAJA fee, consistent with an agreed upon fee contract. *Id.* Counsel for Plaintiff has provided a copy of a fee contract for federal court services, wherein Plaintiff has agreed his attorney has the right to seek as much as 25% of his past-due benefits and refund or credit him with the smaller amount of any fee awarded from past-due benefits and an EAJA award.

In his response, the Commissioner points out that if Plaintiff's counsel is awarded fees pursuant to the EAJA and § 406(b), he must refund the amount of the smaller fee to Plaintiff. *See* Doc. 24, p. 4. In his reply brief, counsel for Plaintiff "objects to the futile step of having to reimburse Plaintiff the $5,235.32 in EAJA fees" and requests that the Court approve and order payment of $5,548.55—which is the difference between the total of past-due benefits withheld ($16,783.87) and the sum of the EAJA fee received ($5,235.32) and the administrative fee ($6,000.00).

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney fees for representing a claimant in administrative proceedings, §

---

pay Plaintiff's representative. The Court finds that counsel's request for fees was made within a reasonable time.

406(b) governs the award of attorney fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 806-807. Nevertheless, agreements that provide for fees exceeding twenty-five percent of past-due benefits are unenforceable. *Id.* But even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

Here, Plaintiff effectively requests approval of an award of $10,783.87 payable to his counsel from monies withheld by the agency from his past-due benefits. This would result in an effective hourly rate of approximately $416.00 for the 25.92 hours of reasonable work expended by counsel before this Court. *See* Order, Doc. 22. Following the analysis in *Bays v. Commissioner*, the Court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The Court first considers that counsel has presented a contingency fee agreement signed by Plaintiff, wherein Plaintiff

acknowledges that his attorney will seek payment of attorney fees from past-due benefits awarded for representing him in federal court.  Second, the Court notes that counsel successfully argued Plaintiff's case before this Court and on remand before the Agency.  Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals.  *Id*. at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)).  Fourth, Plaintiff's counsel is an experienced Social Security attorney, and there is no indication of undue delay in the record on his part.  Finally, the § 406(b) fee requested, which includes but is not limited to the total EAJA fee which has been credited to Plaintiff, amounts to significantly less than 25% of Plaintiff's past-due benefits.  Consequently, this amount is within the statutory limit imposed by § 406(b)(1)(A).  Combined with the $6,000.00 administrative fee, Plaintiff's counsel is due to receive the entire withheld amount of $16,783.87—equivalent to 25% of past-due benefits—as bargained for in the employment contract.

For the foregoing reasons, Plaintiff's motion for an award of attorney fees under 42 U.S.C. § 406(b) is GRANTED, **and payment to counsel for Plaintiff from Plaintiff's past-due benefits in the amount of $5,548.55 is approved.**  Because Plaintiff's counsel credited the amount of the EAJA fee amount he already received, the Court will not require that counsel for Plaintiff reimburse Plaintiff any amount, and the remaining balance of Plaintiff's past-due benefits withheld by the agency shall be paid to Plaintiff.

SO ORDERED this 13th day of July, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE